1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   OLENA RADIONOVA,

11            Plaintiff,                    No. 2:12-cv-1501 GEB CKD PS

12        vs.

13   UNKNOWN,

14            Defendant.              ORDER

15   _____/

16            In this action, plaintiff challenges her confinement to a locked mental health

17   facility.  Plaintiff asserts her conservator unfairly placed her in the locked facility.  Plaintiff

18   further asserts that she is presently contesting her confinement in the California Court of Appeal[1]

19   and that a court date is in the process of being set with the El Dorado County Superior Court for

20   a six month conservatorship review.

21            Plaintiff is proceeding in this action in propria persona.  Because a conservator

22   has been appointed for plaintiff, it appears she is incompetent to proceed in this action on her

23   own behalf.  An incompetent person can only proceed if represented by counsel.  Johns v. County

24   _____

25        [1]  Plaintiff's complaint alleges that she is represented by counsel Linda Zachritz in the
     appeal process.  Plaintiff further alleges that her conservator is Mari Robertson and that she was
26   represented by counsel Jeff Wilson in the conservatorship proceedings.

1

1  of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997) (minors must be represented by attorney); see

2  also Meeker v. Kercher, 782 f.2d 153, 154 (10th Cir. 1986) ("it is not in the interest of minors or

3  incompetents that they be represented by non-attorneys").  Plaintiff will be afforded an

4  opportunity to retain counsel.

5           It appears that this court lacks subject matter jurisdiction over plaintiff's claims.

6  A federal district court does not have jurisdiction to review errors in state court decisions in civil

7  cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v.

8  Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction

9  either to conduct a direct review of a state court judgment or to scrutinize the state court's

10  application of various rules and procedures pertaining to the state case."  Samuel v. Michaud,

11  980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See also

12  Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over

13  section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v.

14  Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive

15  defense improper under Rooker-Feldman).  That the federal district court action alleges the state

16  court's action was unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.

17  Moreover, claims raised in federal district court need not have been argued in the state judicial

18  proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If federal

19  claims are "inextricably intertwined" with a state court judgment, the federal court may not hear

20  them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the

21  federal claim succeeds only to the extent that the state court wrongly decided the issues before

22  it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).  In sum, "a

23  state court's application of its rules and procedures is unreviewable by a federal district court.

24  The federal district court only has jurisdiction to hear general challenges to state rules or claims

25  that are based on the investigation of a new case arising upon new facts."  Samuel, 980 F. Supp.

26  at 1412-13.

1    Plaintiff alleges that the state court committed error in appointing a conservator

2    and that the conservator wrongfully committed her to a locked facility.  In other words, this is a

3    case challenging orders from the El Dorado County Superior Court and not a general federal

4    challenge to state law.  See Branson, 62 F. 3d at 292.  Stripped to its essence, this action is one

5    for federal court review of state court proceedings.  The court finds the instant action, as

6    presently pled, amounts to an attempt to litigate in federal court matters that are inextricably

7    intertwined with state court decisions.  The court, however, will not at this time recommend

8    dismissal for lack of subject matter jurisdiction in light of plaintiff's conservatorship.  Should

9    plaintiff obtain counsel, an amended complaint should be filed addressing the propriety of federal

10   court subject matter jurisdiction.

11           Accordingly, IT IS HEREBY ORDERED that:

12           1.  No later than July 31, 2012, plaintiff shall obtain counsel to represent her in

13   these proceedings.  Failure to obtain counsel will result in a recommendation that this action be

14   dismissed without prejudice.

15           2.   The Clerk of Court is directed to serve a copy of this order on the following:

16               a.  Linda Zachritz, T.W. Patterson Building, 2014 Tulare St., Suite 703,

17   Fresno, CA   93721;

18               b.  Mari Robertson, El Dorado County Public Guardian, 630 Main St.,

19   Placerville, CA   95667;

20               c.  Jeffrey Rader Wilson, El Dorado County Public Defender, 630 Main

21   St., Placerville, CA   95667;

22               d.  Tetiana and Yuriy Radionov, 1521 E. 8th St., Davis, CA   95616.

23   Dated: June 18, 2012

24   _____

25   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

26   4 radionova.incomp

3