IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLENA RADIONOVA,

    Plaintiff,                      No. 2:12-cv-1501 GEB CKD PS

    vs.

UNKNOWN,

    Defendant.                ORDER

_____/

        In this action, plaintiff challenges her confinement to a locked mental health facility. Plaintiff asserts her conservator unfairly placed her in the locked facility. Plaintiff further asserts that she is presently contesting her confinement in the California Court of Appeal[1] and that a court date is in the process of being set with the El Dorado County Superior Court for a six month conservatorship review.

        Plaintiff is proceeding in this action in propria persona. Because a conservator has been appointed for plaintiff, it appears she is incompetent to proceed in this action on her own behalf. An incompetent person can only proceed if represented by counsel. Johns v. County

---

[1] Plaintiff's complaint alleges that she is represented by counsel Linda Zachritz in the appeal process. Plaintiff further alleges that her conservator is Mari Robertson and that she was represented by counsel Jeff Wilson in the conservatorship proceedings.

1

1 of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997) (minors must be represented by attorney); see
2 also Meeker v. Kercher, 782 f.2d 153, 154 (10th Cir. 1986) ("it is not in the interest of minors or
3 incompetents that they be represented by non-attorneys").  Plaintiff will be afforded an
4 opportunity to retain counsel.
5       It appears that this court lacks subject matter jurisdiction over plaintiff's claims.
6 A federal district court does not have jurisdiction to review errors in state court decisions in civil
7 cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v.
8 Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction
9 either to conduct a direct review of a state court judgment or to scrutinize the state court's
10 application of various rules and procedures pertaining to the state case." Samuel v. Michaud,
11 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See also
12 Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over
13 section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v.
14 Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive
15 defense improper under Rooker-Feldman).  That the federal district court action alleges the state
16 court's action was unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.
17 Moreover, claims raised in federal district court need not have been argued in the state judicial
18 proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If federal
19 claims are "inextricably intertwined" with a state court judgment, the federal court may not hear
20 them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the
21 federal claim succeeds only to the extent that the state court wrongly decided the issues before
22 it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).  In sum, "a
23 state court's application of its rules and procedures is unreviewable by a federal district court.
24 The federal district court only has jurisdiction to hear general challenges to state rules or claims
25 that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp.
26 at 1412-13.

1  Plaintiff alleges that the state court committed error in appointing a conservator
2 and that the conservator wrongfully committed her to a locked facility. In other words, this is a
3 case challenging orders from the El Dorado County Superior Court and not a general federal
4 challenge to state law. See <u>Branson</u>, 62 F. 3d at 292. Stripped to its essence, this action is one
5 for federal court review of state court proceedings. The court finds the instant action, as
6 presently pled, amounts to an attempt to litigate in federal court matters that are inextricably
7 intertwined with state court decisions. The court, however, will not at this time recommend
8 dismissal for lack of subject matter jurisdiction in light of plaintiff's conservatorship. Should
9 plaintiff obtain counsel, an amended complaint should be filed addressing the propriety of federal
10 court subject matter jurisdiction.

11  Accordingly, IT IS HEREBY ORDERED that:

12  1. No later than July 31, 2012, plaintiff shall obtain counsel to represent her in
13 these proceedings. Failure to obtain counsel will result in a recommendation that this action be
14 dismissed without prejudice.

15  2. The Clerk of Court is directed to serve a copy of this order on the following:

16  a. Linda Zachritz, T.W. Patterson Building, 2014 Tulare St., Suite 703,
17 Fresno, CA   93721;

18  b. Mari Robertson, El Dorado County Public Guardian, 630 Main St.,
19 Placerville, CA   95667;

20  c. Jeffrey Rader Wilson, El Dorado County Public Defender, 630 Main
21 St., Placerville, CA   95667;

22  d. Tetiana and Yuriy Radionov, 1521 E. 8th St., Davis, CA   95616.

23 Dated: June 18, 2012

24  _____
CAROLYN K. DELANEY
25  UNITED STATES MAGISTRATE JUDGE

26 4 radionova.incomp

3